# Exhibit A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

DAVID WAKSMAN )
430 State Street )
Annapolis, MD 21403 )
)
)
Plaintiff, )
)
v. )
)
) 0004899-06
GUIDANT CORPORATION )
111 Monument Circle, 29th Floor )
Indianapolis, IN 46204 )
w/s/o CT CORPORATION SYSTEM ] Civil Action No.
1015 15th Street, NW, #1000 )
Washington, DC 20005 )
)
GUIDANT SALES CORPORATION )
111 Monument Circle, 29th Floor )
Indianapolis, IN 46204 )
w/s/o CT CORPORATION SYSTEM )
1015 15th Street, NW, #1000 )
Washington, DC 20005 )
)
Defendants. )

RECEIVED
Civil Clerk's Office
JUN 23 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
(ICD Litigation – Products Liability, Punitive Damages)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  At all relevant times, Defendants are engaged, or have been engaged, in the testing, manufacturing, licensing, marketing, selling, promoting, and distributing, either directly or indirectly through third parties, of implantable cardioverter defibrillators ("ICDs") and/or pacemakers throughout the United States, and are doing business in the District of Columbia.

## COUNT I
(Negligence – David Waksman v. Guidant Corp., et al.)

3.  On or about April 29, 2002, Plaintiff was implanted with a Guidant Ventak Prism 2DR, Model 1861, dual chamber defibrillator for cardiac arrhythmias. The device was implanted at the Washington Hospital Center in Washington, D.C.

4. On or about June 17, 2005, Guidant issued a recall of certain of its ICDs, including the Ventak Prism 2DR, Model 1861, due to defects in the devices.

5. As a result of the Defendants' defective ICD, Mr. Waksman required surgery to replace said defective device on or about October 6, 2005, at the Washington Hospital Center in Washington, D.C.

6. As a result of the Defendants' defective ICD, Mr. Waksman suffered injuries, including, but not limited to, ICD replacement surgery, incurred medical expenses for care and treatment, and suffered physical and mental pain.

7. Said injuries were the result of the negligence of the Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of ICDs, negligent design, and failure to heed and report adverse reports regarding the safety of ICDs.

## COUNT II
### (Strict Liability – David Waksman v. Guidant Corp., et al.)

8. All of the allegations contained in Count I are realleged and incorporated herein by reference.

9. Defendants were at all relevant times engaged in designing, developing, testing, inspecting, promoting, advertising, manufacturing, and/or distributing ICDs, which they sold and/or provided to various healthcare providers for implantation in patients as ultimate consumers throughout the United States, including the Plaintiff.

10. While Defendants were engaged in the designing, testing, inspecting, manufacturing, marketing, distributing, and/or selling ICDs, Defendants sold the ICDs to other healthcare providers for use by and resale to patients, including the Plaintiff.

11. The subject ICD implanted in Mr. Waksman was in the same form and condition in which it existed when Defendants' sold and/or provided and delivered the ICD for distribution to various healthcare providers.

12. Defendants expected the ICD to reach consumers, including Mr. Waksman, in the condition in which they sold them.

13. Said product was defective when placed on the market by Defendants. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

14. Said product was defective and unreasonably dangerous when put to its intended use.

15. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous product, Mr. Waksman was implanted with said defective device and has suffered injury, loss, and damages as aforesaid.

16. By reason of having marketed and promoted ICDs in their defective and unreasonably dangerous condition, Defendants are strictly liable to the Plaintiff for his ICD-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty – David Waksman v. Guidant Corp., et al.)

17. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

18. At all times relevant to this action, Defendants marketed and promoted ICDs accompanied by implied and express warranties and representations to physicians and their patients that the device was efficacious to treat ventricular tachycardia as directed for such purposes.

19. Defendants knew, or should have known, that patients, including the Plaintiff and his attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

20. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.

21. As a direct result of the breach of warranties by the Defendants, the Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation – David Waksman v. Guidant Corp., et al.)

22. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

23. Defendants represented to patients, including the Plaintiff and his attending physicians, in promotion campaigns, advertisements, labeling, and literature that the subject ICD was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

24. The Plaintiff and his attending physicians did, in fact, rely on Defendants' representations in their advice about purchase, use, and implantation of the subject ICD.

25. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to patients.

26. As a direct result of said false representations by Defendants, the Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages – David Waksman v. Guidant Corp., et al.)

27.     The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of the Plaintiff's implant, had actual and constructive notice that the subject ICD was defective. Additionally, the Defendants knew or should have known that the subject ICD was ineffective, of no use and provided no benefit to the patient. Nonetheless, the Defendants knowingly and intentionally promoted the subject ICD as safe and effective to treat cardiac arrhythmias disregarding the adverse reports that demonstrated the defective nature of the subject ICD. Additionally, the Defendants fraudulently deceived the Food and Drug Administration, the cardiology profession and the Plaintiff by knowingly and intentionally withholding adverse reports, which it knew revealed the defective nature of their ICD.

**WHEREFORE**, Plaintiff David Waksman demands judgment against Defendants, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| WAKSMAN | | 0004899-06 |
|---|---|---|
| *Plaintiff* | | |
| VS. | | Civil Action No. |
| GUIDANT SALES CORPORATION | | |
| *Defendant* | | |

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
| Name of Plaintiff's Attorney |
| 1320 19th St., NW, Suite 500 |
| Address |
| Washington, DC  20036 |
| (202) 833-8040 |
| Telephone |

By _____
Deputy Clerk

Date  6-23-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DAVID WAKSMAN
Vs.                                                                        C.A. No.        2006 CA 004899 B
GUIDANT CORPORATION

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:  June 23, 2006
Initial Conference: 9:30 am, Friday, September 29, 2006
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/28/2006
Log Number 511273291

**TO:** Jean Holloway
Guidant Corporation
4100 Hamline Avenue North, Mail Stop F293
Saint Paul, MN, 55112-5798

**RE:** **Process Served in District of Columbia**

**FOR:** Guidant Sales Corporation (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Waksman, Pltf. vs. Guidant Corporation, et al. including Guidant Sales Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint, and Jury Demand |
| **COURT/AGENCY:** | (DC) Superior Court of the District of Columbia, DC Case # 2006 CA 004899 B |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/28/2006 postmarked on 06/26/2006 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Aaron M. Levine
1320 19th Street, N.W.
Suite 500
Washington, DC, 20036
202-833-8040 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790973706303 |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Mark Diffenbaugh
1015 15th Street, N.W.
Suite 1000
Washington, DC, 20005
202-572-3133 |

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.