IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WAKSMAN,<br>430 State Street<br>Annapolis, MD 21403<br><br>                Plaintiff,<br><br>v.<br><br>GUIDANT CORPORATION<br>111 Monument Circle, 29th Floor<br>Indianapolis, IN 46204<br>w/s/o CT CORPORATION SYSTEM<br>1015 15th Street, NW, #1000<br>Washington, DC 20005<br><br>GUIDANT SALES CORPORATION,<br>111 Monument Circle 29th Floor<br>Indianapolis, IN 46204<br>w/s/o CT CORPORATION SYSTEM<br>1015 15th Street, NW, #1000<br>Washington, DC 20005<br><br>                Defendants. | CIVIL ACTION NO. 1:06-cv-01251 |

### DEFENDANTS' UNOPPOSED MOTION TO STAY ALL PROCEEDINGS IN THIS COURT PENDING TRANSFER TO MDL 1708

Defendants Guidant Corporation and Guidant Sales Corporation (collectively, "Defendants") hereby move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay all proceedings – including, but not limited to, (i) the time period for Defendants to answer or otherwise respond to Plaintiff's Complaint, (ii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iii) other discovery and pretrial deadlines -- pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims against Defendants to MDL 1708. In support of this motion, Defendants state:

132172v1

1.  Plaintiff's claims in this action arise out of a cardiac medical device[1] allegedly tested, manufactured, licensed, marketed, sold, promoted or distributed by Defendants and implanted in David Waksman.

2.  Over 430 cases involving cardiac medical devices manufactured by Cardiac Pacemakers, Inc. ("CPI") have been filed in or removed to federal courts throughout the country. On November 7, 2005, the JPML established an MDL Court and began transferring cases involving these cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, attached hereto as **Exhibit A**. Among the primary purposes of consolidating these cases cited by the JPML was to conserve judicial resources and to avoid inconsistent rulings.

3.  Proceedings involving claims such as those presented in this case are routinely stayed pending transfer to an MDL Court. *See, e.g., Casanova v. Guidant Corp., et al.*, No. 2:05-CV-4044 (E.D. La. Dec. 2, 2005) (Order Granting Stay, Lemelle, J.); *Messick v. Guidant Corp., et al.*, No. 2:05-CV-4017 (E.D. La. Nov. 30, 2005) (Order Granting Stay, Zainey, J.); *Haberle v. Guidant Corp., et al.*, No. 05-1456 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Lazzara, J.); *Pepper v. Guidant Corp., et al.*, No. 05-1606 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Kovachevich, J.); *Smith v. Guidant Corp.*, No. 05-728 (M.D. Fla. Nov. 8, 2005) (Order Granting Stay, Schlesinger, J.); *Rebone v. Guidant Corp., et al.*, No. 05-379 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Jones, J.); *Cipolla v. Guidant Corp., et al.*, No. 4:05-CV-939 (W.D. Mo. Nov. 8, 2005) (Order Granting Stay, Whipple, J.); *Terry v. Guidant Corp., et al.*, No. 05-1007-CV (W.D. Mo. Dec. 1, 2005) (Order Granting Postponement, Wright, J.); *Micelli v. Guidant Corp., et al.*, No. 05-309 (N.D. Fla. Oct. 18, 2005) (Order Granting Extension, Rodgers, J.); *Lyle*

---

[1] Cardiac Pacemakers, Inc. ("CPI"), a wholly-owned subsidiary of Guidant Corporation, designed and manufactured the medical device at issue in this case. Because Guidant Corporation played no part in the design, manufacture or distribution of this device, it is an improper party to this suit and should be dismissed.

*v. Guidant Corp., et al.*, No. 4:05-CV-00720 (M.D.N.C. Nov. 22, 2005) (Order Granting Extension, Eliason, J.); *Harkonen v. Guidant Corp., et al.*, No. 05-80851 (S.D. Fla. Nov. 1, 2005) (Order Granting Extension, Ryskamp, J.) (collectively attached hereto as **Exhibit B**). Since the MDL Court was created, nearly 390 cases have already been transferred or ordered to be transferred to that Court, and more cases are in the process of being transferred.

4.  Shortly, Defendants will notify the JPML that Plaintiff's claims against Defendants are appropriate for transfer to the MDL Court. *See, e.g.,* Defendants 23rd Notice of Potential Tag-Along Actions, attached hereto as **Exhibit C**. Defendants expects that the JPML will transfer this case promptly.

5.  A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide consistently the many issues that are likely to arise in the cases pending against Defendants, as well as CPI, throughout the country.

6.  A stay in this Court pending transfer to the MDL Court will not prejudice Plaintiff. Once Plaintiff's claims are pending in the MDL Court, the parties will be subject to a rigorous pretrial schedule.

7.  Defendants' counsel has conferred with Plaintiff's counsel, who have no opposition to this Motion to Stay.

Respectfully submitted on July 13, 2006.

/s/ Carlos E. Provencio
Carlos E. Provencio, Bar No. 461227
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

132172v1

OF COUNSEL:
Timothy A. Pratt
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:    (816) 474-6550
Telefax:       (816) 421-5547

ATTORNEYS FOR DEFENDANT
GUIDANT SALES CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing on Aaron M. Levine, Attorneys for Plaintiff, at Aaron M. Levine & Associates, 1320 19th Street, N.W., Suite 500, Washington, D.C. 20036, via Ordinary U.S. Mail this 13th day of July, 2006.

                                /s/ Carlos E. Provencio
                                Carlos E. Provencio, Bar No. 461227
                                ATTORNEY FOR DEFENDANTS

132172v1