# Exhibit B

FILED
2006 Jan-24 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -2 PM 4:44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH R. CASANOVA, Plaintiff | * * * | CIVIL ACTION NO. 05-4044 |
| | * | SECTION C |
| versus | * * | JUDGE BERRIGAN |
| | * * | MAGISTRATE 1 |
| GUIDANT CORPORATION, GUIDANT SALES CORPORATION, Defendants | * * * * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Motion,

IT IS ORDERED, ADJUDGED AND DECREED that the Unopposed Motion to Stay Pending Transfer submitted by Guidant Corporation and Guidant Sales Corporation is hereby GRANTED. This case is stayed pending transfer to the MDL Court in the District of Minnesota.

New Orleans, Louisiana, this 30th day of Nov, 2005.

UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 30  AM 12: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMMETT R. MESSICK, Plaintiff | * * * | CIVIL ACTION NO. 05-4017 |
| | * | SECTION A |
| versus | * * | JUDGE ZAINEY |
| | * | MAGISTRATE 4 |
| GUIDANT CORPORATION, GUIDANT SALES CORPORATION, and CARDIAC PACEMAKERS, INC., Defendants | * * * * | MAG. JUDGE ROBY |

* * * * * * * * * * * * * * * * * *

### ORDER

Considering the foregoing Motion,

IT IS ORDERED, ADJUDGED AND DECREED that the Unopposed Motion to Stay Pending Transfer submitted by Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers, Inc. is hereby GRANTED. This case is stayed pending transfer to the MDL Court and administratively closed in the District of Minnesota.

New Orleans, Louisiana, this 29° day of November, 2005.

UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No._____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HABERLE,

    Plaintiff,

v.                                                              CASE NO: 8:05-cv-1456-T-26MSS

GUIDANT CORP., et al.,

    Defendants.
_____/

## ORDER

**UPON DUE CONSIDERATION**, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant's Unopposed Motion for Enlargement of Deadlines to Answer or Otherwise Respond and to Participate in Pretrial Proceedings Pending JPML Determination (Dkt. 10) is granted.

2) All proceedings in this case are stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

3) The Clerk is directed to administratively close this case during the pendency of the stay, subject to the right of any party to file a motion to reopen in the event the JPML denies transfer.

DONE AND ORDERED at Tampa, Florida, on November 4, 2005.

s/
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH J. PEPPER,

    Plaintiff,

vs.        CASE NO. 8:05-CIV-1606-T-17-TGW

GUIDANT CORPORATION, et al.,

    Defendant.
_____/

## ORDER

This cause is before the Court on the defendants' unopposed motion for extension of time to file answer or otherwise plead and to participate in pretrial proceedings pending JPML determination (Docket No. 11). Accordingly, it is

**ORDERED** that the motion for extension of time to file answer or otherwise plead and to participate in pretrial proceedings pending JPML determination (Docket No. 11) be **granted**. The defendants must answer or otherwise respond to the complaint as follows: a) if the motion to transfer and consolidate is granted by the JPML, a deadline set by the transferee court; or (b) if the motion is denied by the JPML, thirty (30) days after such denial and the deadline by which the parties must participate in any pretrial proceedings – including, initiation of discovery requests, participation in pretrial disclosures, scheduling or case management activities in connection with Fed. R. Civ. P. 16 or 26 or Local Rule 3.05 and

Case 1:06-cv-01251-GK   Document 3-3   Filed 07/13/2006   Page 7 of 19
Case 8:05-cv-01606-EAK-TGW   Document 12   Filed 11/04/2005   Page 2 of 2

CASE NO. 94-1644-CIV-T-17

CASE NO. 8:05-CIV-1606-T-17-TGW

attendance at any meeting, conference or hearing – as follows: (a) if the motion to transfer and consolidate is granted by the JPML, a deadline set by the transferee court; or (b) if the motion is denied by the JPML, no earlier than sixty (60) days after such denial.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 4th day of November, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2005 NOV -9 P 1:19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ROBERT EARL SMITH, as
Personal Representative of the Estate
of BOBBY SMITH, deceased,
  Plaintiff,

v.

Case No.: 3:05-cv-728-J-20MCR

GUIDANT CORPORATION,
  Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion for Entry of Extension of Deadlines to Participate in Pretrial Proceedings Pending JPML Determination (Doc. No. 21, filed October 6, 2005) which the Court construes as a Motion to Stay Pretrial Proceedings Pending Determination by Judicial Panel on Multidistrict Litigation. Upon due consideration, the Court finds that a stay furthers the interests of judicial efficiency and is appropriate in this case. Accordingly, the Defendant's Motion (Doc. No. 21) is **GRANTED**. The Court cannot, as Defendant requests, grant an undefined and seemingly unlimited extension in this case pending the Panel's determination. Therefore, this case, including the Parties' discovery and case management obligations, is hereby **STAYED** for a period of **ninety (90) days**. The Parties are directed to notify the Court of any decision by the Judicial Panel on Multidistrict Litigation and pretrial deadlines will be established at that time.

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of November, 2005.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
James B. Murphy, Jr., Esq.
Matthew B. Murphy, Jr., Esq.
Timothy A. Pratt, Esq.

Deborah A. Moeller, Esq.
John K. Sherk, III, Esq.
Robert F. Spohrer, Esq.
Norwood S. Wilner, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD JAMES REBONE,

        Plaintiff,

v.                          Case No. 5:05-cv-379-Oc-10GRJ

GUIDANT CORPORATION; CARDIAC
PACEMAKERS, INC.; GUIDANT SALES
CORPORATION,

        Defendants.

## ORDER

Pending before the Court is Defendants' Unopposed Motion For Enlargement Of Deadlines To Answer Or Otherwise Respond And To Participate In Pretrial Proceedings Pending JPML Determination. (Doc. 9.)

This is a products liability action regarding a line of cardiac medical devices manufactured by Cardiac Pacemakers, Inc., a wholly-owned subsidiary of Guidant Corporation. Defendants represent that in a number of cases pending against them in federal courts in various districts, plaintiffs have filed motions to transfer and consolidate their cases in the proceedings entitled *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket No. 1708. On September 23, 2005, Defendants notified the Judicial Panel of Multidistrict Litigation ("JPML") of this potential "tag-along action."[1] The issues related to transfer and consolidation of these cases has been fully briefed and the JPML held its hearing on the matter on September 29, 2005.

---

[1] See Doc. 9, Exhibit A.

The Court previously granted Defendants a thirty-day enlargement of time to file a response to Plaintiff's Complaint.[2] Now, Defendants request that the Court further enlarge their time to file a response to Plaintiff's Complaint and extend the deadline by which the parties must participate in any pretrial proceedings (i.e. discovery, pretrial disclosures, scheduling or case management activities). Defendants represent that Plaintiff has no objection to this motion.

Under these circumstances, a stay is appropriate. This case is in the very early stages of litigation. Plaintiff filed his Complaint (Doc. 1) on August 30, 2005. It does not make sense for this Court and the parties to invest their time and resources in this case, if it is ultimately going to be transferred by the JPML.

Accordingly, Defendants' Unopposed Motion For Enlargement Of Deadlines To Answer Or Otherwise Respond And To Participate In Pretrial Proceedings Pending JPML Determination (Doc. 9) is **GRANTED**. This action is **STAYED** pending further order of the Court. However, in order to insure that this action is promptly transferred and to avoid this action remaining inactive in the event the request for transfer is not granted, Defendants shall file a status report with the Court within **60 days** regarding the status of the transfer by the JPML.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on November 4, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
   All Counsel

---

[2] See Doc. 4.

2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

CHRISTOPHER J. CIPOLLA, )
)
Plaintiff, )
)
v. ) No. 05-0939-CV-W-DW
)
GUIDANT CORPORATION and )
GUIDANT SALES CORPORATION, )
)
Defendants. )

## ORDER

Pending before the Court is Defendants' motion to extend the deadlines for various pretrial proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). On October 18, 2005, this case was noticed to the JPML as a "tag-along action" pursuant to Rule 7.5(e) of the Rules for the Judicial Panel on Multidistrict Litigation. Plaintiff has no objection. Accordingly, the Court stays this action pending the JPML transfer decision.[1]

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: November 8, 2005

---

[1] The Court will address extensions to specific pretrial deadlines as necessary if the motion to transfer is denied. The parties are directed to apprise the Court of the outcome of the JPML determination as appropriate.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEROME TERRY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-1007-CV-W-SOW |
| | ) |
| GUIDANT CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Defendants' Unopposed Motion to Postpone All Proceedings In This Court Pending MDL Transfer (Doc. # 4). Defendants move to postpone all deadlines for defendants to answer or otherwise respond to the Complaint, and for the parties to participate in pretrial proceedings, including discovery, pending transfer of this action to MDL. Plaintiff has no objections.

Accordingly, it is hereby

ORDERED that Defendants' Unopposed Motion to Postpone All Proceedings In This Court Pending MDL Transfer (Doc. # 4) is granted. All proceedings in this Court are postponed pending transfer of the above-captioned case to the MDL.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-1-05

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MICELLI

VS                                    CASE NO. 3:05cv309/MCR/MD

GUIDANT CORPORATION, et al

### REFERRAL AND ORDER

Referred to Judge Rodgers on     OCTOBER 18, 2005
Type of Motion/Pleading: MOTION FOR ENTRY OF EXTENSION OF DEADLINES PENDING JPML DETERMINATION
Filed by:     DEFENDANTS     on   10/6/05    Document     9
(  ) Stipulated/Consented/Joint Pleading
RESPONSES:
_____ on _____ Doc.# _____
_____ on _____ Doc.# _____
WILLIAM M. McCOOL, CLERK OF COURT

     s/L. James
Deputy Clerk

### ORDER

Upon consideration of the foregoing, it is ORDERED this 18th day of October, 2005, that:

The requested relief is GRANTED as follows: The case and all further court proceedings are stayed for a period of sixty (60) days, at the end of which time defendants shall notify the court in writing of the status of the JPML's decision on transfer.

     s/ M. Casey Rodgers
     M. CASEY RODGERS
     UNITED STATES DISTRICT JUDGE

Entered On Docket: _____ By: ____
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies sent to: _____


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:05CV00720

| | |
|---|---|
| FRED M. LYLE AND SPOUSE MARTHA J. LYLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>GUIDANT CORPORATION AND GUIDANT SALES CORPORATION<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ORDER FOR EXTENSION OF DEADLINES TO ANSWER OR OTHERWISE RESPOND AND TO PARTICIPATE IN PRETRIAL PROCEEDINGS PENDING J.P.M.L. DETERMINATION** |

This matter came on before the undersigned on Defendants' Motion for Entry of Order for Extension of Deadlines to Answer or Otherwise Respond and to Participate in Pretrial Proceedings Pending J.P.M.L. Determination. For good cause shown, the Court finds and orders that the deadline by which Defendants must answer or otherwise respond to Plaintiffs' Complaint in this action is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the J.P.M.L., thirty (30) days after such denial.

Additionally, the Court finds and orders the deadline by which the parties must participate in any pretrial proceedings – including initiation of discovery requests, participation in pretrial disclosures or activities in connection with Fed. R. Civ. P. 16 or 26 or appropriate Local Rules, and attendance at any meet-and-confer conferences or hearings – is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the

transferee court; or (b) if those motions are *denied* by the J.P.M.L., no earlier than sixty (60) days after such denial.

AND IT IS SO ORDERED this __22nd__ day of November, 2005.

*Russell A. Eliason*
United States Magistrate Judge Russell A. Eliason

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-80851-RYSKAMP-VITUNAC

ERIC HARKONEN and VICKIE HARKONEN

Plaintiffs,

vs.

GUIDANT CORPORATION and GUIDANT
SALES CORPORATION

Defendant.

FILED by _____ D.C.
NOV - 1 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## STIPULATION AND ORDER FOR EXTENSION OF DEADLINES TO ANSWER OR OTHERWISE RESPOND AND TO PARTICIPATE IN PRETRIAL PROCEEDINGS PENDING J.P.M.L. DETERMINATION

IT IS HEREBY STIPULATED AND AGREED by and between Defendants Guidant Corporation and Guidant Sales Corporation (collectively "Defendants") and Plaintiffs that the deadline for Defendants to answer or otherwise respond to Plaintiffs' Complaint, and the deadlines for all parties to participate in pretrial proceedings in this matter, shall be extended pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("J.P.M.L.").

In a number of cases pending against Defendants in federal courts in various states, plaintiffs have filed motions to transfer and to consolidate their cases under 28 U.S.C. § 1407 in the proceedings entitled *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket No. 1708. The J.P.M.L. heard argument on these motions on September 29, 2005.

In the short intervening time between now and a determination by the J.P.M.L. on whether to grant those motions, the time and resources of the Court and of the parties should not

490048v1

CASE NO.: 05-80851-RYSKAMP-VITUNAC

be expended in answering or responding to the Complaint or in participating in pretrial proceedings.

Pursuant to this Stipulation and Order, the deadline by which Defendants must answer or otherwise respond to Plaintiffs' Complaint in this action is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the J.P.M.L., thirty (30) days after such denial.

Additionally, pursuant to this Stipulation and Order, the deadline by which the parties must participate in any pretrial proceedings – including initiation of discovery requests, participation in pretrial disclosures or activities in connection with Fed. R. Civ. P. 16 or 26 or Local Rule 16.1, and attendance at any meet-and-confer conferences or hearings – is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the J.P.M.L., no earlier than sixty (60) days after such denial.

Dated: Palm Beach Gardens, Florida
October ___, 2005

RICCI-LEOPOLD, P.A.

By: _____
Theodore J. Leopold, Esquire
Benjamin Salzillo, Esquire
Attorneys for Plaintiff
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Tel: 561-684-6500
Fax: 561-697-2383

499363v1

CASE NO.: 05-80851-RYSKAMP-VITUNAC

Dated: Miami, Florida
October 17, 2005

SHOOK, HARDY & BACON L.L.P.

By: /s/ Eileen T. Moss
Eileen Tilghman Moss, Esquire
Attorneys for Defendants
Guidant Corporation and Guidant Sales
 Corporation
Miami Center, Suite 2400
201 S. Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

SO ORDERED:

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

11-1-05

499368v1